UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| PEANUT CORPORATION OF AMERICA, | ) | Case No. 09-60452 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| AMERICAN NATIONAL BANK AND TRUST COMPANY | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Motion No. _____ |
| PEANUT CORPORATION OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ROY CREASY, TRUSTEE | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION FOR RELIEF FROM STAY
TO PERMIT THE EXERCISE OF SETOFF RIGHTS AGAINST THE DEBTOR**

Comes now, American National Bank and Trust Company (the "Bank"), by its counsel, and hereby seeks the entry of an Order pursuant to sections 105, 362, and 363 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), as supplemented by Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1, of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Virginia (the "Local Rules"), granting relief from the automatic stay to permit the Bank to exercise its rights of setoff.  In support of this Motion, the Bank respectfully represents and alleges as follows:

<u>Jurisdiction</u>

1.   This Court has jurisdiction of this proceeding under 28 U.S.C. §§ 157 and 1334.

2.   Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

3.   This is a core proceeding under 28 U.S.C. § 157(b).

<u>Backgound Factual Information</u>

4.   On February 13, 2009, the Debtor filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code.

5.   Roy V. Creasy was appointed as the Trustee in this case.

6.   Prior to filing for bankruptcy protection, the Debtor obtained two loans from the Bank as evidenced by a Commercial Promissory Note, dated June 5, 2007, on loan number xxxxxxxx1250 ("Note #1"), attached hereto as <u>Exhibit A</u>, and a Commercial Promissory Note dated September 17, 2008, on loan number xxxxxxxx4450 ("Note #2"), attached hereto as <u>Exhibit B</u>.

7.   Note #1 and Note #2 (collectively referred to as the "Notes") each provide that the Bank has the right to set off any amount due and payable under the Notes or otherwise, against any amount owing by the Bank to the Debtor including, without limitation, any and all of Debtor's accounts with the Bank.

8.   In conjunction with Note #1, a non-debtor entity, Tidewater Blanching Company, a Virginia limited liability company ("Tidewater Blanching"), in order to induce the Bank to give Debtor the loan and future loans, acting as surety, gave the Bank an unconditional guaranty on Debtor's loans and future loans.  The Guaranty gives the Bank a right of setoff against

2

Tidewater Blanching's account with the Bank. A copy of the Guaranty is attached at <u>Exhibit C</u>.

9. The Debtor and Tidewater Blanching have accounts with the Bank that were created pre-petition.

10. The Debtor defaulted on Note #1 pre-petition giving the Bank an immediate right of setoff against Tidewater Blanching's account with the Bank.

11. The Trustee, by letter dated February 19, 2009, informed the Bank that Tidewater Blanching's account with the Bank comes "under the umbrella" of the bankruptcy (the "Trustee's Letter"). A copy of the letter is attached hereto as <u>Exhibit D</u>.

12. The Bank placed an administrative hold on funds held in the Debtor's account with the Bank and on Tidewater Blanching's account with the Bank pending relief from stay.

<u>Relief Requested</u>

13. Pursuant to Bankruptcy Code Section 362(d), on request of a party in interest and after notice and hearing, the Court shall grant relief from the automatic stay for cause and in instances where the debtor lacks equity in the property and such property is not necessary to an effective reorganization.

14. Cause exists to grant the relief requested.

15. Debtor does not have any equity in its account with the Bank. The Debtor owes the Bank more than the Bank holds in Debtor's account. The Debtor does not have any equity in Tidewater Blanching's bank account because Tidewater Blanching is a separate legal entity.

16. Debtor is not attempting to reorganize; therefore, its account with the Bank is not necessary to an effective reorganization.

17. Tidewater Blanching is a legal entity separate and apart from the Debtor, and its account with the Bank is not subject to the automatic stay; however, in an abundance of caution, the Bank is requesting the Court grant relief from stay to permit the Bank to set off against Tidewater Blanching's account.

18. The elements necessary to establish the Bank's right of setoff are present in this case against both the Debtor and Tidewater Blanching.

19. A debt was owed by the Bank to the Debtor and by the Bank to Tidewater Blanching, both of which arose before the commencement of the case. Tidewater Blanching and the Debtor opened their accounts with the Bank prior the commencement of this case.

20. The Bank's claims against the Debtor and Tidewater Blanching arose before the commencement of the case. The Notes were given by the Debtor prior to the commencement of the case. The Guaranty was likewise given to the Bank by Tidewater Blanching prior to the commencement of this case.

21. Mutuality exists between the Debtor and the Bank with regard to the Notes and Debtor's account at the Bank.

22. Mutuality exists between Tidewater Blanching and the Bank with regard to the Guaranty and Tidewater Blanching's account at the Bank.

23. Pursuant to Bankruptcy Rule 4001(a)(3), the Court may waive the stay of an Order granting relief.

WHEREFORE, The Bank respectfully requests the entry of an Order (i) granting relief from the automatic stay to permit the Bank to set off against the Debtor's and Tidewater Blanching's accounts with the Bank those amounts due under the Notes; (ii) waiving the stay of order provision in Bankruptcy Rule 4001(a)(3); and (iii) for such further relief to which the Bank may be

entitled to at law or equity.

                                                                               AMERICAN NATIONAL BANK AND TRUST
                                                                               COMPANY

                                                                               By Counsel

Counsel:

CLEMENT & WHEATLEY
Edward F. Hodges, Jr., Esq.
Darren W. Bentley, Esq.
549 Main Street
P.O. Box 8200
Danville, VA 24543-8200
(434)793-8200
(434)793-8436 Fax

/s/ Darren W. Bentley
Darren W. Bentley (VSB# 48092)

## CERTIFICATE OF SERVICE

    I hereby certify that on February 26, 2009, the foregoing Motion was filed electronically with the U.S. Bankruptcy Court and was served by electronic mail pursuant to the Court's CM/ECF Noticing System on the following persons:

        Roy V. Creasy, Chapter 7 Trustee
        213 S. Jefferson Street, Suite 915
        Roanoke, VA 24011-1735

        Andrew S. Goldstein, Esq.
        Magee, Foster, Goldstein & Sayers
        P. O. Box 404
        Roanoke, VA 24003

        Richard C. Maxwell
        Woods Rogers & Hazlegrove PLC
        P. O. Box 14125
        Roanoke, VA 24038

        Stephen W. Spence, Esq.
        Phillips, Goldman & Spence, P.A.
        1200 North Broom Street
        Wilmington, DE 19806

Matthew J. Troy, Esq.  
United States Department of Justice  
Civil Division  
P. O. Box 875  
Ben Franklin Station  
Washington, DC 20044-0875  

Paul M. Black, Esq.  
W. Calvin Smith, Esq.  
Spilman Thomas & Battle PLLC  
P. O. Box 90  
Roanoke, VA 24002  

/s/ Darren W. Bentley  
Darren W. Bentley