IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION (LYNCHBURG)

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 09-60452-WA1-7 |
| PEANUT CORPORATION OF AMERICA, | ) | |
| | ) | |
| Debtor. | ) | |
| ------------------------------------------------------------ | ) | |
| | ) | |
| FIELDBROOK FOODS CORP., | ) | |
| c/o Steven L. Higgs, P.C. | ) | |
| Steven L. Higgs, Esq. | ) | |
| 9 Franklin Road, S.W. | ) | |
| Roanoke, Virginia  24011-2403 | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Motion No. _____ |
| | ) | |
| PEANUT CORPORATION OF AMERICA, | ) | |
| and | ) | |
| ROY V. CREASY, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| SERVE: | ) | |
| | ) | |
| Andrew S. Goldstein, Esq. | ) | |
| Magee, Foster, Goldstein & Sayers, P.C. | ) | |
| P.O. Box 404 | ) | |
| Roanoke, Virginia 24004 | ) | |
| | ) | |
| Roy V. Creasy, Trustee | ) | |
| 213 S. Jefferson Street, Suite 915 | ) | |
| Roanoke, Virginia 24011 | ) | |
| | ) | |
| Peanut Corporation of America | ) | |
| 2121 Wiggington Road | ) | |
| Lynchburg, Virginia 24502 | ) | |

**MOTION FOR RELIEF FROM STAY**

TO THE HONORABLE WILLIAM E. ANDERSON:

Fieldbrook Foods Corporation ("Fieldbrook"), by counsel, respectfully moves that the automatic stay provisions of 11 U.S.C. §362 be terminated, or alternatively, that said stay be modified to allow Fieldbrook (i) to pursue a civil action against the Debtor to the extent of the available insurance coverage; (ii) to enforce any judgment obtained in the action against the Debtor's liability insurance carrier or carriers; and (iii) for such other and further relief as is appropriate. In support of the Motion, Fieldbrook respectfully represents:

## JURISDICTION

1. On February 13, 2009, Peanut Corporation of America ("Debtor") filed in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division (Lynchburg), a petition for relief under Chapter 7, Title 11, United States Code, Case No. 09-60452-WA1-7 ("Petition").

2. This is a motion pursuant to Bankruptcy Rules 4001 and 9014 and 11 U.S.C. §362(d) seeking relief from the automatic stay of 11 U.S.C. §362(a).

3. The Court possesses subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

4. This is a core proceeding.

## CLAIM FOR RELIEF

**Factual Background**

5. Fieldbrook is a manufacturer and distributor of ice cream and other frozen dessert products.

6. For several years, Fieldbrook has utilized peanuts and peanut products sold by the Debtor in several of Fieldbrook's ice cream products.

7. In January 2009, after an investigation conducted by the U.S. Food and Drug Administration and other regulatory agencies traced a nationwide salmonella outbreak to the Debtor's products, the Debtor recalled all peanuts and peanut products produced at its Blakely, Georgia facility since January 1, 2007 ("Debtor's Recall").

8. As a result of the Debtor's Recall, Fieldbrook voluntarily recalled, at considerable expense, all of its ice cream products containing the Debtor's peanuts ("Recalled Products").

9. All of the Recalled Products are perishable and have been or will be destroyed in connection with the recall.

10. Fieldbrook estimates that the value of the Recalled Products is approximately $1.75 million.

11. Fieldbrook has unsuccessfully sought reimbursement from the Debtor for all losses and expenses incurred by Fieldbrook in connection with the Recalled Products.

**Relief Sought Pursuant to Section 362 of the Bankruptcy Code**

12. Section 362(d) of the Bankruptcy Code permits the automatic stay to be lifted under certain circumstances and provides, in relevant part, that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay C (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362 (d)(1).

13. "Neither the statute nor the legislative history defines the term 'for cause' and the legislative history gives only very general guidance." Sonnax Industries, Inc. v. Tri

Component Products Corp. (*In re* Sonnax Industries, Inc.), 907 F.2d 1280,1285 (2d Cir. 1990).

14. The Fourth Circuit has, however, identified three factors that should be weighed in determining whether "cause" exists to lift the stay in order to allow a creditor to pursue litigation against the debtor in another court. The factors are whether: (1) the issues involve only state law; (2) granting relief from the automatic stay would promote judicial economy; and (3) creditors would be protected in the absence of the automatic stay. *See,* Hoffman v. Maryland National Bank (In re Hoffman), 989 F.2d 493 (4th Cir. 1993). In the case at bar, all three factors exist.

15. Fieldbrook's claims against the Debtor arise entirely under non-bankruptcy law.

16. Fieldbrook seeks to bring an action, nominally against the Debtor, for the sole purpose of establishing the Debtor's liability as a precondition to recovering from the Debtor's liability insurer(s).

17. Granting the relief requested would therefore not result in a reduction of assets that would otherwise be available for distribution to the Debtor's unsecured creditors, and would not prejudice the estate or its creditors.

18. Permitting Fieldbrook to commence a civil action in a different forum would promote judicial economy by limiting the action to only the venue and the parties required to establish the Debtor's liability as a precondition to recovering from the Debtor's liability insurer(s).

WHEREFORE, Fieldbrook Foods Corporation, by counsel, respectfully moves that the Court enter an order granting Fieldbrook relief from the automatic stay for cause to (i) pursue a civil action nominally against the Debtor to the extent of the available insurance coverage,

and (ii) to enforce any judgment obtained in such action against the Debtor's liability insurance carrier or carriers; or in the alternative that such stay be modified and conditioned upon the provision of adequate protection to the Movant; that notwithstanding the provisions of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, the order granting such relief shall not be stayed, but shall become effective immediately; and (iii) for such other and further relief as the Court deems appropriate.

>Respectfully submitted,
>
>FIELDBROOK FOODS CORP.
>
>By /s/ Steven L. Higgs
>      Of Counsel

STEVEN L. HIGGS, P.C. (VSB # 90566)
Steven L. Higgs (VSB # 22720)
9 Franklin Road, S.W.
Roanoke, Virginia  24011-2403
(540) 400-7990 Telephone
(540) 400-7999 Facsimile

and

Angela Z. Miller, Esq.
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203-2887
(716) 847-8400 Telephone

Counsel for Fieldbrook Foods Corp.

CERTIFICATE OF MAILING

The undersigned does hereby certify that a true and correct copy of the foregoing was mailed by first class mail, postage prepaid, or served electronically on March 4, 2009, to:

Andrew S. Goldstein, Esq.
Magee, Foster, Goldstein & Sayers, P.C.
P.O. Box 404
Roanoke, Virginia 24004
    Counsel for Peanut Corporation of America

Peanut Corporation of America (with enclosures\N)
2121 Wiggington Road
Lynchburg, Virginia 24502

Roy V. Creasy, Trustee
213 S. Jefferson Street, Suite 915
Roanoke, Virginia 24011

                           /s/ Steven L. Higgs
                                Of Counsel

Motion  Copyright © 2005-2009 by Steven L. Higgs, P.C.  All Rights Reserved.
Our File No. 09104.001\\FILES\09104.001\MRS – Vehicle - Motion\03/04/09