UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| PEANUT CORPORATION OF AMERICA | ) | Case No.: 09-60452-WA1-7 |
| | ) | |
| Debtor. | ) | |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that Roy V. Creasy, Trustee in Bankruptcy for Peanut Corporation of America (the "Trustee") has filed a Motion for Order Regarding Product Recall Insurance Policy.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

A hearing on the Motion will be held on August 26, 2009 at 10:30 a.m. in the Bankruptcy Courtroom at the United States Federal Courthouse at 700 Main Street, Danville, VA 24541. **Please take note that this matter will be heard in Danville, Virginia not Lynchburg, Virginia.**

If you wish to be heard on the Motion, you must file a written response with the Bankruptcy Court on or before August 19, 2009 and appear at the hearing at the date, time and place set forth above.

### MOTION FOR ORDER REGARDING PRODUCT RECALL INSURANCE POLICY

COMES NOW Roy V. Creasy, Trustee (the "Trustee"), by counsel, and for his Motion for Order Regarding Product Recall Insurance Policy ("Motion") states as follows:

1. On February 13, 2009, Peanut Corporation of America (the "Debtor") filed a Petition for Relief pursuant to Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division.

2. On or about March 12, 2009, Roy V. Creasy was appointed Chapter 7 Trustee in the Debtor's bankruptcy case and continues to serve as Trustee.

WOODS ROGERS PLC
ATTORNEYS AT LAW

{#1266047-1, 025104-00012-01}

3.	The Debtor is the insured under a certain policy of insurance issued by American International Specialty Lines Insurance Company ("AISLIC"), providing coverage for product recall liability (the "Policy").

4.	The Policy has aggregate limits of $1,000,000 per policy period.

5.	The Policy provides for reimbursement to the Debtor of "product recall liability damages" resulting from a coverage incident. The Policy defines "product recall liability damages" as "(a) any sums that you become legally obligated to pay as compensatory damages and (b) your defense costs resulting from the investigation, negotiation, settlement or defense of a claim or suit." The Policy defines "compensatory damages" to mean "those amounts that you, pursuant to a contract of indemnity or a contract of reimbursement, are required to pay a distributor, purchaser or user of your product(s) as reimbursement for such purchaser's costs incurred in connection with a covered incident, other than liquidated or penalty damages." (emphasis added).

6.	There have been numerous claims filed in the PCA bankruptcy case seeking recovery for alleged product recall expenses and damages suffered by various purchasers of PCA products. The total amount of these claims far exceeds the $1,000,000.00 aggregate limits of the Policy.

7.	Trustee and counsel for the Trustee have attempted to determine whether AISLIC is willing to pay the proceeds of the Policy into the bankruptcy estate for distribution to creditors having product recall damage claims.

8.	To date, AISLIC has not taken a definitive coverage position and has not agreed to turn over the Policy proceeds to the Trustee.

9.	The Trustee files this Motion to establish a procedure by which the Trustee may attempt to recover the Policy proceeds of the benefit of the Debtor's estate and the creditors.

WOODS ROGERS PLC
ATTORNEYS AT LAW

{#1266047-1, 025104-00012-01}	2

10. Trustee shall forward to AISLIC a list of all product recall damage claims (and/or claims which the Trustee believes may fall within the definition of "product recall liability damages" under the Policy) filed in this case and request that AICLIC agree to pay the entire proceeds of the Policy to the Trustee.

11. In the event that AISLIC denies coverage under the Policy for any or all such claims, or otherwise fails to pay the entire $1 Million aggregate limits of the insurance Policy over to the Trustee within 45 days from the date of the Order granting this Motion, then the Trustee shall tender to the Court an Order which terminates the automatic stay as to all parties who have filed product recall damage claims in this case so as to permit such parties to proceed nominally against the Debtor for the purpose of accessing the insurance proceeds.

12. The Trustee requests that, in the event that the automatic stay is terminated, neither PCA nor the Trustee shall be under any obligation to respond in any way to any actions brought by any product recall damage claimant. However, the Trustee and/or PCA would retain the right to, if they choose, to challenge the validity of the claim and/or the amount of the claim.

13. The Trustee requests that, in the event that the automatic stay is terminated, that PCA and the Trustee shall be under no obligation to provide documents or respond to discovery from any party in any action naming PCA or the Trustee as a defendant unless the party requesting such discovery pays the Trustee in advance the estimated costs of complying with such discovery.

14. The Trustee further requests that the Court retain jurisdiction over the Policy for the purpose of resolving any disputes between PCA and/or the Trustee and any party having named either PCA or the Trustee as a defendant regarding the interpretation or scope of this Order.

WOODS ROGERS PLC
ATTORNEYS AT LAW

15. Section 105(a) of the Bankruptcy Code permits the Court to issue orders "necessary or appropriate to carry out the provisions of [Title 11]." Section 362(d) of the Bankruptcy Code grants the Court wide latitude to terminate or modify the automatic stay.

16. The relief requested in this Motion would benefit the estate and its creditors by providing a simplified method for the Trustee and creditors to resolve claims against the Debtor's insurance policy with AISLIC.

WHEREFORE, Roy V. Creasy, Trustee, by counsel, respectfully requests that the Court enter an Order permitting him to submit product recall damage claims to American International Specialty Lines Insurance Company as set forth herein, providing for relief from the automatic stay under the conditions set forth herein and awarding him such other relief as may be just and proper.

ROY V. CREASY, TRUSTEE

By: /s/ B. Webb King

Richard C. Maxwell, VSB No. 23554
B. Webb King, Esq. VSB No. 47044
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Telephone: 540-983-7600
Facsimile: 540-983-7711
*Counsel for Roy V. Creasy, Trustee*

WOODS ROGERS PLC
ATTORNEYS AT LAW

{#1266047-1, 025104-00012-01}    4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via U.S. Mail, postage pre-paid, on August 6, 2009, to: 1) All parties who have filed product recall damage claims (and/or claims which the Trustee believes may fall within the definition of "product recall liability damages" under the Policy) in this case; 2) AISLIC; 3) the 20 largest unsecured creditors, 4) secured creditors, and; 5) to persons who have requested notice.

In addition, on the same date, I caused a true and correct copy of the foregoing to be filed with the Court's CM/ECF system, causing this motion to be sent through that system to all parties designated to receive same.

          /s/   B. Webb King

WOODS ROGERS PLC
ATTORNEYS AT LAW

{#1266047-1, 025104-00012-01}          5