UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Chapter 7 |
| PEANUT CORPORATION OF AMERICA, | ) Case No.: 09-60452-WA1-7 |
| | ) |
| Debtor. | ) |

**ORDER REGARDING PRODUCT RECALL INSURANCE POLICY**

CAME THIS DAY Roy V. Creasy, Trustee (the "Trustee"), by counsel, upon the Motion for Order Regarding Product Recall Insurance Policy and it being represented and it appearing to the Court that:

1. On February 13, 2009, Peanut Corporation of America ("PCA" or the "Debtor") filed a Petition for Relief pursuant to Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division.

2. On or about March 12, 2009, Roy V. Creasy was appointed Chapter 7 Trustee in the Debtor's bankruptcy case and continues to serve as Trustee.

3. PCA is the insured under a certain policy of insurance issued by American International Specialty Lines Insurance Company ("AISLIC"), providing coverage for product recall liability (the "Policy").

4. The Policy has aggregate limits of $1,000,000 per policy period.

5. The Policy provides for reimbursement to the Debtor of "product recall liability damages" resulting from a coverage incident. The Policy defines "product recall liability damages" as "(a) any sums that **you** become legally obligated to pay as **compensatory damages** and (b) **your defense costs** resulting from the investigation, negotiation, settlement or defense of a claim or suit." The Policy defines "compensatory damages" to mean "those amounts that **you**, pursuant to a contract of indemnity or a contract of reimbursement, are required to pay a distributor, purchaser or user of **your product(s)** as reimbursement for such

{#1266505-1, 025104-00012-01}

purchaser's costs incurred in connection with a **covered incident**, <u>other than</u> liquidated or penalty damages."

6. There have been numerous claims filed in the PCA bankruptcy case seeking recovery for alleged product recall expenses and damages suffered by various purchasers of PCA products. The total amount of these claims far exceeds the aggregate limits of the Policy.

7. Counsel for the Trustee has attempted to determine whether AISLIC is willing to pay the proceeds of the Policy into the bankruptcy estate for distribution to creditors having product recall damage claims. To date, AISLIC has not taken a definitive coverage position and has not agreed to turn over the Policy proceeds to the Trustee.

It otherwise appearing appropriate, it is hereby

**ORDERED** that counsel for the Trustee shall forward to AISLIC a list of all product recall damage claims (and/or claims which the Trustee believes may fall within the definition of "product recall liability damages" under the Policy) filed in this case and request that AICLIC agree to pay the entire proceeds of the Policy to the Trustee. In the event that AISLIC denies coverage under the Policy for any or all such claims, or otherwise fails to pay the entire $1 Million aggregate limits of the insurance Policy over to the Trustee within the earlier of 45 days from the date of this Order, or 45 days from the date of entry of an Order granting similar relief to Fieldbrook Foods Corporation, then the Trustee shall tender to the Court an Order which terminates the automatic stay as to all parties who have filed product recall damage claims in this case so as to permit such parties to proceed nominally against the Debtor for the purpose of accessing the insurance proceeds; and it is further

**ORDERED** that in the event that the automatic stay is terminated, neither PCA nor the Trustee shall be under any obligation to respond in any way in any action brought by any product recall damage claimant (although PCA and/or the Trustee may, if they choose, challenge the validity of the claim and/or the amount of the claim); and it is further

{#1266505-1, 025104-00012-01}

**ORDERED** that PCA and the Trustee shall be under no obligation to provide documents or respond to discovery from any party in any following action unless the party requesting such discovery pays the Trustee in advance the estimated costs of complying with such discovery, and it is further

**ORDERED** that the Court shall retain jurisdiction over the Policy for the purpose of resolving any disputes between PCA and/or the Trustee and any party involved in any following action regarding the interpretation or scope of this Order.

A copy of this order shall be sent to counsel for the Trustee for service pursuant to Local Rules.

ENTER this 18th day of September, 2009.

_____
UNITED STATES BANKRUPTCY COURT JUDGE

We ask for this:

___/s/ Richard C. Maxwell_____
Richard C. Maxwell, VSB No. 23554
B. Webb King, Esq. VSB No. 47044
WOODS, ROGERS, P.L.C.
P.O. Box 14125
Roanoke, VA 24038-4125
Telephone: 540-983-7600
Facsimile: 540-983-7711
*Counsel for Roy V. Creasy, Trustee*

{#1266505-1, 025104-00012-01}