**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| **PEANUT CORPORATION OF AMERICA** | ) | |
| Debtor. | ) | Case No. 09-60452 |
| | ) | |
| In re | ) | Chapter 7 |
| **PLAINVIEW PEANUT CO., LLC** | ) | |
| Debtor. | ) | Case No. 09-61651 |
| | ) | |
| In re | ) | Chapter 7 |
| **TIDEWATER BLANCHING CO., LLC** | ) | |
| Debtor. | ) | Case No. 09-61652 |

**ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN THE
TRUSTEE AND THE HARTFORD INSURERS AND AUTHORIZING THE SALE OF
INSURANCE POLICIES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND
OTHER ENCUMBRANCES**

Upon the Motion, dated September 10, 2009 (the "Motion")[1], of Roy V. Creasy, Chapter 7 Trustee for the Bankruptcy Estates of Peanut Corporation of America ("PCA"), Plainview Peanut Co., LLC ("Plainview"), or Tidewater Blanching Co., LLC ("Tidewater") (collectively, "Debtors") for an order pursuant to Sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Trustee to enter into a compromise and settlement with the Hartford Insurers pursuant to which (among other things) the Trustee, on behalf of the Debtors' Estates, will provide releases, as set forth in the Settlement Agreement (the "Settlement Agreement"); (ii) authorizing the sale of the Policies back to the Hartford Insurers pursuant to the terms and conditions of the Settlement Agreement, free and clear of all

---

[1] Except as otherwise defined herein, all capitalized terms used herein shall have the meanings ascribed to them in the Settlement Agreement (as defined herein).

Interests; (iii) approving the Settlement Agreement in all respects; and (iv) enjoining various Claims against Hartford, as described in the Settlement Agreement and Paragraph G of this Order, below (the "Injunction"); and the appearances of all interested parties and all responses and objections to the motion, if any, having been duly noted in the record of the hearing held on October 1, 2009 (the "Hearing"), upon the record of the Hearing, the Motion, said responses and objections, if any, and after due deliberation and sufficient cause appearing therefore, the Court hereby makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW:[2]

### Jurisdiction, Final Order and Statutory Predicates

1. The Court has jurisdiction over the Motion and relief requested therein, including responses and objections thereto, if any, pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. This Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § l58(a).

3. The statutory predicates for the relief sought in the Motion are Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019.

### Retention of Jurisdiction

4. It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Settlement

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Agreement, and to adjudicate, if necessary, any and all disputes arising under or relating to, or affecting, any of the transactions contemplated under the Settlement Agreement.

## Notice of the Motion

5. The Trustee has provided due and adequate notice of the Motion, the Hearing, the Settlement Agreement and the subject matter thereof to all parties in interest pursuant to Bankruptcy Rules 2002 and 6004. Such notice was good and sufficient under the particular circumstances, and no further notice is necessary. Without limiting the generality of the foregoing, adequate notice of the Motion, the Hearing and the Settlement Agreement has been provided, and a reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded, to all parties in interest, as described in the Motion.

## Sound Business Judgment and Reasonableness

6. The relief requested in the Motion is in the best interests of Debtors' bankruptcy estates, their creditors, and other parties-in-interest. The Trustee has demonstrated good, sufficient and sound business purposes and justifications for the relief requested in the Motion and the approval of the transactions contemplated thereby.

7. The Settlement Agreement, including without limitation, the sale of the Policies free and clear of any and all Interests, is fair and reasonable and in the best interests of the Debtors and their bankruptcy estates. The Settlement Amount represents fair and reasonable consideration for the sale of the Policies, the release of Claims and the other provisions as set forth in the Settlement Agreement. The Settlement Agreement is also in the best interests of the Tort Claimants because the proceeds of the sale will be held for payment of their Claims.

8. The Trustee has demonstrated that the probability of success for the Debtors in litigation over the matters resolved by the Settlement Agreement is uncertain; that the litigation of the matters resolved by the Settlement Agreement would be complex and costly to the

3

Debtors' bankruptcy estates, is consistent with the reasonable range of potential litigation outcomes, and is in the best interests of the Debtors, their bankruptcy estates, and their creditors, including without limitation, the Tort Claimants and the Recall Claimants.

## Good Faith of Purchaser of the Policies

9. The Settlement Agreement was negotiated and proposed, and has been entered into by the Parties, in good faith, from arms-length bargaining positions, and without fraud or collusion. Each Party to the Settlement Agreement was represented by counsel. The sale consideration to be realized by the Debtors' bankruptcy estates pursuant to the Settlement Agreement is fair and reasonable. The Hartford Insurers are good faith purchasers of the Policies for value within the meaning of Section 363(m) of the Bankruptcy Code and are entitled to the protection thereof. Neither the Trustee, nor the Hartford Insurers, nor any of their representatives, have engaged in any conduct that would (i) cause or permit the Settlement Agreement, or the sale of the Policies to be avoided under Section 363(n) of the Bankruptcy Code; (ii) cause or permit any amounts, costs, attorneys' fees, expenses or punitive damages to be recovered under Section 363(n) of the Bankruptcy Code; or (iii) prevent the application of Section 363(m) of the Bankruptcy Code.

## Satisfaction of Section 363(f) Requirements

10. The Trustee may sell the Policies free and clear of Interests under Section 363(f) of the Bankruptcy Code because one or more of the criteria set forth in Sections 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Without limiting the generality of the foregoing, those holders of Interests against any of the Policies who did not object, or who withdrew their objections, to the Motion or the relief requested therein are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code, and each holder of an Interest in the Policies can be

compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest as contemplated by Section 363(f)(5) of the Bankruptcy Code.

11. To the extent any Person has an Interest in the Policies, such Interest is adequately protected as required by Section 363(c) of the Bankruptcy Code by the attachment of such Interest to the proceeds of sale of the Policies pursuant to Paragraph F of this Order.

### No Successor Liability

12. The transfer of the Policies pursuant to the Settlement Agreement does not and will not subject or expose the Hartford Insurers to any liability, Claim, cause of action or remedy by reason of such transfer under (a) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based on, in whole or in part, directly or indirectly, including, without limitation, any theory of tort, creditors' rights, equity, antitrust, environmental, successor or transferee liability, labor law, de facto merger, or substantial continuity; or (b) any employment contract, understanding or agreement, including, without limitation, collective bargaining agreements, employee pension plans, or employee welfare or benefit plans.

13. The Hartford Insurers are not assuming any of the Debtors' obligations to their employees (including, without limitation, any obligations under the Debtors' bankruptcy estates' collective bargaining agreements, if any) by reason of the purchase of the Policies under the Settlement Agreement.

14. No common identity of officers or directors exists between the Hartford Insurers and the bankruptcy estates or Debtors.

15. The Hartford Insurers are purchasing the Policies pursuant to the Settlement Agreement and this Order. The Hartford Insurers are not purchasing any other assets of the Debtors' bankruptcy estates. The Hartford Insurers shall not acquire any responsibility or

liability with respect to any of the bankruptcy estates' other assets or for any liability of, or Claims against the Debtors as a result of the purchase of the Policies.

16. A sale of the Policies other than one free and clear of Interests, if possible at all, would impact adversely on the Debtors' bankruptcy estates and would be of substantially less benefit to the Debtors, their creditors and their estates. The Hartford Insurers would not purchase the Policies and pay the Settlement Amount, were the sale not free and clear of all Interests.

### Supplemental Injunction

17. Issuing a supplemental injunction under Section 105(a) of the Bankruptcy Code is essential to give effect to the sale of the Policies to the Hartford Insurers free and clear of Interests pursuant to Section 363(f) of the Bankruptcy Code. The Injunction as set forth in Paragraph G below is a necessary prerequisite for the Hartford Insurers' agreement to the terms and conditions of the Settlement Agreement, and the Hartford Insurers will not consummate the sale of the Policies in the absence of such a supplemental injunction from this Court.

18. To the extent that the holders of present and future Claims have any Interest in the Policies, such Persons are adequately protected in that they will have the right to pursue their Claims against the proceeds of the sale of the Policies with the same validity and priority as against the Policies, subject to the terms and conditions of any further orders of this Court.

19. The terms of the Settlement Agreement and related releases granted to the Hartford Insurers by the Trustee shall constitute exhaustion of any insurance coverage.

For all of the foregoing and after due deliberation, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

A. The Motion is GRANTED and APPROVED in all respects.

B. Pursuant to Section 363(b) of the Bankruptcy Code, the Trustee is authorized and directed to enter into and consummate the Settlement Agreement, including without limitation, to sell, transfer and convey the Policies to the Hartford Insurers in accordance with the terms and subject only to the conditions specified herein and in the Settlement Agreement. The Trustee and the Hartford Insurers are each hereby authorized to take all actions and execute all documents and instruments that the Trustee and the Hartford Insurers deem necessary or appropriate to implement and effectuate the transactions contemplated by the Settlement Agreement.

C. The terms of the Settlement Agreement (including without limitation the releases set forth in Section 4) are approved in their entirety, and this Order and the Settlement Agreement shall be binding upon the Trustee, the Estates, Debtors, the Hartford Insurers, all Persons holding Interests in the Policies or Claims against the Debtors' bankruptcy estates, including without limitation, all holders of Salmonella Tort Claims and Recall Claims under the Policies, Debtors' insurers other than the Hartford Insurers, any actual or potential insureds under the Policies, all other parties in interest, and each of the foregoing Persons' successors and assigns. The sale of the Policies by the Trustee to the Hartford Insurers, effective upon the Approval Date, shall constitute a legal, valid, and effective transfer of the Policies and shall vest the Hartford Insurers with all right, title, and interest in and to the Policies free and clear of all Interests pursuant to Section 363(f) of the Bankruptcy Code.

D. The Hartford Insurers shall pay the Settlement Amount as provided in the Settlement Agreement.

E.  The sale of the Policies to the Hartford Insurers under the Settlement Agreement constitutes a transfer for reasonably equivalent value and fair consideration under Section 548 of the Bankruptcy Code and comparable provisions of non-bankruptcy law.

F.  Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code and subject to the consummation, as of the Approval Date, of the sale of the Policies as provided under the Settlement Agreement, the Policies shall be and hereby are transferred to the Hartford Insurers, free and clear of any and all Interests (of all Persons in, to and with respect to the Policies, including without limitation any and all Claims against the Hartford Insurers), whether arising prior to, during, or subsequent to the Bankruptcy Cases or imposed by agreement, understanding, law, equity or otherwise.  Any and all such Interests shall attach to the Settlement Amount (as that term is defined in the Settlement Agreement) with the same validity, priority, force, and effect as such Interest holders had in the Policies prior to the entry of this Order.  Nothing contained herein is intended to nor shall be deemed to constitute a determination of the extent, validity or priority of any such Interests that may be asserted against the Settlement Amount.

G.  Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, all Persons who have held or asserted, who hold or assert, or who may in the future hold or assert any Claim or Interest of any kind or nature against or in any of the Debtors, their bankruptcy estates, the Policies, or the Hartford Insurers based upon, arising under or out of, derived from or attributable to (i) activities of Debtors that give rise to Claims under the Policies, or (ii) the Policies, including without limitation any Claim arising from or related to the Salmonella Outbreak, and any Extra-Contractual Claim, Insurance Coverage Claim or Direct Action Claim, whenever or wherever arising or asserted (including all thereof in the nature of or sounding in tort, contract, warranty or any other theory of law, equity or admiralty) shall be and hereby are permanently

8

stayed, restrained and enjoined from asserting any such Interests against Hartford and from continuing, commencing, or otherwise proceeding or taking any action against Hartford to enforce such Interests or Claims or for the purpose of directly or indirectly collecting, recovering or receiving payments from Hartford with respect to any such Claim or Interest.

H. From the date on which the Approval Order becomes a Final Order, any and all Interests that are enjoined pursuant to Paragraph G hereto shall attach exclusively to the Settlement Amount, subject to the terms and conditions of the Settlement Agreement or as otherwise directed by the Court.

I. The Hartford Insurers are not, and shall not be deemed to be, successors to Debtors or the Debtors' bankruptcy estates by reason of any theory of law or equity or as a result of the consummation of the transactions contemplated in the Settlement Agreement or otherwise. The Hartford Insurers shall not assume any liabilities of Debtors or their bankruptcy estates.

J. The transactions contemplated by the Settlement Agreement, including without limitation the sale of the Policies to the Hartford Insurers free and clear of all Interests, are undertaken by the Hartford Insurers in good faith, as that term is used in Section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization to consummate the sale of the Policies and the transactions contemplated by the Settlement Agreement shall not affect the validity of the sale of the Policies to the Hartford Insurers, unless such authorization is duly stayed pending such appeal. The Hartford Insurers are purchasers in good faith of the Policies and shall be entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code.

K. Pursuant to Bankruptcy Rule 9019, the settlement and mutual release of Claims as set forth in the Settlement Agreement are hereby approved as of the Execution Date of the

9

Settlement Agreement.  This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(g).

L.  All obligations of the Debtors under the Settlement Agreement shall be deemed administrative expenses of the Debtors' bankruptcy estates under Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

M.  The failure specifically to include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Settlement Agreement be authorized and approved in its entirety.

N.  This Court shall retain jurisdiction to interpret and enforce the provisions of this Order and the Settlement Agreement in all respects, and to adjudicate, if necessary, any and all disputes arising under or relating in any way to, or affecting, any of the transactions contemplated under the Settlement Agreement.  Such jurisdiction shall be retained even if the Bankruptcy Cases are closed, and the Bankruptcy Cases may be reopened for such purpose.

O.  Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order in lieu of any document necessary to consummate the transactions contemplated by the Settlement Agreement and this Order.

It is so **ORDERED**.

Entered:  October 2, 2009

_____
William E. Anderson
United States Bankruptcy Judge

We ask for this:


/s/   Richard C. Maxwell
Richard C. Maxwell (VSB No. 23554)
Woods Rogers PLC
P.O. Box 14125
Roanoke, VA 24038-4125
(540 983-7600
(540) 983 7711 Fax
     Counsel for Roy V. Creasy, Trustee

11