UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| PEANUT CORPORATION OF AMERICA, ) | Case No.: 09-60452-WA1-7 |
| ) | |
| Debtor. ) | |

**ORDER TERMINATING AUTOMATIC STAY AS TO
PRODUCT RECALL INSURANCE POLICY**

CAME THIS DAY Roy V. Creasy, Trustee (the "Trustee"), by counsel, upon the Order Regarding Product Recall Insurance Policy entered on September 18, 2009 (Docket No. 211) and represented to the Court that the Trustee has forwarded to American International Specialty Lines Insurance Company ("AISLIC") a list of all product recall damage claims (and/or claims which the Trustee believes may fall within the definition of "product recall liability damages") under the insurance policy providing coverage for product recall liability (the "Policy") and requested that AISLIC agree to pay the entire proceeds of the Policy to the Trustee and that AISLIC has denied coverage under the Policy for any or all such claims. Accordingly, it is hereby

**ORDERED** that the automatic stay provisions of 11 U.S.C. §362 are hereby terminated as to any person or entity which has incurred product recall damages and such person or entity is entitled to proceed nominally against Peanut Corporation of America for the purpose of accessing insurance proceeds under the Policy under state or federal law that is not inconsistent with Title 11 of the United States Code; and it is further

**ORDERED** that neither PCA nor the Trustee shall be under any obligation to respond in any way in any action brought by any product recall damage claimant (although PCA and/or the Trustee may, if they choose, challenge the validity of the claim and/or the amount of the claim); and it is further

{#1296450-1, 025104-00012-01}

**ORDERED** that PCA and the Trustee shall be under no obligation to provide documents or respond to discovery from any party in any following action unless the party requesting such discovery pays the Trustee in advance the estimated costs of complying with such discovery, and it is further

**ORDERED** that the Court shall retain jurisdiction over the Policy for the purpose of resolving any disputes between PCA and/or the Trustee and any party involved in any following action regarding the interpretation or scope of this Order; and it is further

**ORDERED** that notwithstanding the provisions of Rule 4001(a)(3) of the Federal Rules of Civil Procedure, this Order shall not be stayed, but shall be effective immediately.

A copy of this Order shall be sent to counsel for the Trustee for service pursuant to Local Rules.

ENTER this 16th day of October, 2009.

_____
UNITED STATES BANKRUPTCY COURT JUDGE

We ask for this:

  /s/ Richard C. Maxwell
Richard C. Maxwell, VSB No. 23554
B. Webb King, Esq. VSB No. 47044
WOODS, ROGERS, P.L.C.
P.O. Box 14125
Roanoke, VA 24038-4125
Telephone: 540-983-7600
Facsimile: 540-983-7711
*Counsel for Roy V. Creasy, Trustee*

{#1296450-1, 025104-00012-01}